J-S29043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RONALD HOOKS, | : | |
| | : | |
| Appellant | : | No. 1936 EDA 2016 |

Appeal from the PCRA Order May 18, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0912111-2003

BEFORE:   LAZARUS, SOLANO, JJ., and STEVENS,P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                   **FILED APRIL 17, 2017**

Appellant Ronald Hooks appeals *pro se* from the Order entered in the Court of Common Pleas of Philadelphia County on May 18, 2016, dismissing as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We affirm.

The trial court previously set forth the relevant facts and procedural history herein as follows:

### I. PROCEDURAL HISTORY

On March 31, 2005, [Appellant] entered into a negotiated guilty plea before the Honorable John Poserina, Jr. to one count of burglary and two counts of robbery. Petitioner was thereafter sentenced to twelve and one-half to twenty-five years'

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

incarceration in accordance with his negotiations with the Commonwealth.[1] [Appellant] did not pursue a direct appeal.

On December 5, 2005, [Appellant] filed a timely *pro se* PCRA petition. Counsel was appointed and subsequently filed an amended petition on November 15, 2007. On December 12, 2008, the PCRA court formally denied the petition for lack of merit. The Superior Court affirmed the PCRA court's order on April 1, 2010.[2] Petitioner did not seek review in the Pennsylvania Supreme Court.

On March 16, 2015, Petitioner filed the current *pro se* PCRA petition, his second. Pursuant to Pennsylvania Rule of Criminal Procedure 907, Petitioner was served with notice of the court's intention to dismiss his PCRA petition on March 8, 2016.[3] Petitioner filed a response to the court's Rule 907 notice on March 21, 2016. The lower court dismissed Petitioner's petition as untimely on May 18, 2016. Petitioner filed the instant notice of appeal to the Superior Court on June 7, 2016.

**II. FACTS**

The Commonwealth presented evidence that on July 23, 2002, at approximately 2:30 a.m., [Appellant] broke into a rowhome on East Moyamensing Avenue in Philadelphia. The home was occupied by Tiffany Lawson and her sister, Renee Lawson. Both were asleep. [Appellant] woke Tiffany, put a towel over her face and demanded money. While holding her down, he tried to pull down her shorts. After a brief struggle, he let her up to go get some money. [Appellant] told Tiffany he had a gun and would kill both her and her sister. They then woke Renee who was sleeping downstairs. Renee retrieved seventy dollars from her purse and gave it to [Appellant]. [Appellant] then exited the home through the back door. [Appellant's] fingerprints were subsequently detected under the handle of the back gate. [Appellant] was arrested for his crime on July 17, 2003. *See Hooks*, unpublished memorandum 4/1/10 at 3-4.

_____

[1] *See* N.T. 3/31/05 at 6.
[2] *Commonwealth v. Hooks*, 996 A.2d 544 (Pa. Super. 2010) (unpublished memorandum).
[3] The Honorable Leon W. Tucker issued the order and opinion in this matter in his capacity as Supervising Judge of the Criminal Section of the Court of Common Pleas of Philadelphia – Trial Division, as the trial judge is no longer sitting.

Trial Court Opinion, filed 9/21/16, at 1-3.

In his December 5, 2005, *pro se* PCRA petition, Appellant averred his plea had not been knowingly and voluntarily entered. Counsel was appointed and in an Amended PCRA petition raised the issue of the ineffectiveness of trial counsel for misadvising Appellant that he was subject to the "Third Strike" provision of 42 Pa.C.S.A. § 9714 at the time of sentencing. As the PCRA court noted, it denied Appellant's PCRA petition on December 12, 2008, and this Court affirmed. ***Commonwealth v. Hooks***, 996 A.2d 544 (Pa.Super. 2010) (unpublished memorandum).

On March 16, 2015, Appellant filed a "Motion to Modify Sentence" which the trial court correctly treated as Appellant's second PCRA petition.[2] In addition, on August 17, 2015, Appellant filed a supplemental petition wherein he invoked the United States Supreme Court's decision in ***Johnson v. United States***, 135 S.Ct. 2551, 192 L.Ed. 569 (2015) which had been decided less than sixty days earlier on June 26, 2015.[3] On March 8, 2016,

_____

[2] Appellant's allegation his sentence was illegal falls within the purview of the PCRA. ***See*** 42 Pa.C.S.A. § 9542 (stating the subchapter "provides for an action by which persons . . . serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect. . .").

[3] Therein, the United States Supreme Court held that the definition of a "violent felony" was unconstitutionally vague and, accordingly, the imposition of a mandatory minimum sentence under the residual clause of

*(Footnote Continued Next Page)*

the PCRA court filed its Notice of Intent to Dismiss without a Hearing pursuant to Pa.R.Crim.P. 907. Appellant filed his response thereto on March 21, 2016.

In its Order entered on May 18, 2016, the PCRA court dismissed the instant PCRA petition as untimely. Appellant filed a timely notice of appeal on June 7, 2016. In his appellate brief, Appellant presents the following Statement of Questions Involved, which we reproduce verbatim:

1. Did the PCRA court err in concluding that [Appellant['s]] petition was not a timely petition when [Appellant] invoked 1 out of 3 recent cases…In a timely manner[?]
2. Did the PCRA court err in concluding that [Appellant] was not a "three strike" offender when it was quite obvious that he were[?] [sic]
3. Did the PCRA court err by dismissing [Appellant['s]] petition without a hearing, then coming to such conclusions[?]

Brief of the Appellant at 5 (unnumbered) (unnecessary capitalization omitted).

When reviewing the propriety of an order denying PCRA relief, this Court is limited to a determination of whether the evidence of record supports the PCRA court's conclusions and whether its ruling is free of legal error. ***Commonwealth v. Robinson***, ___ Pa. ____, ____, 139 A.3d 178, 185 (2016). This Court will not disturb the PCRA court's findings unless

_(Footnote Continued)_ ————————

the federal Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), violated the United States Constitution's guarantee of due process.

there is no support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa.Super. 2014).

At the outset, we consider whether this appeal is properly before us. The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa.Super. 2014).

All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. The petitioner bears the burden of pleading and proving an applicable statutory exception. If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa.Super. 2013).

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) states:

**(b) Time for filing petition.--**

(1)     Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of

the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States:

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). In addition, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Herein, Appellant's judgment of sentence was entered on March 31, 2005, and he did not file a direct appeal with this Court. Thus, Appellant's judgment of sentence became final thirty days thereafter on April 30, 2005, at which time Appellant's time for filing a timely notice of appeal with this Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania or at the expiration of time for seeking the review").

A timely PCRA petition had to have been filed by April 30, 2006; therefore, the instant PCRA petition filed almost a decade later on August 17, 2015, is patently untimely, and the burden fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa.Super. 2008) (to invoke a statutory

- 6 -

exception to the PCRA time-bar, a petitioner must properly plead and prove all required elements of the exception).

In this vein, although Appellant generally references three cases in the statement of his questions presented, in an argument consisting of merely two sentences he purports to invoke the "newly recognized constitutional right" exception to the time-bar under only **Johnson v. United States, supra**. However, Appellant was not sentenced pursuant to the federal Armed Career Criminal Act, nor did **Johnson** announce a new constitutional right. Rather the Court applied therein the "well recognized" void-for-vagueness doctrine to the Act. **Johnson**, 135 S.Ct. at 2557, 192 L.Ed. at _____. Indeed, as this Court noted previously, Appellant received the sentence he had negotiated with the Commonwealth which avoided any mandatory sentencing. **Commonwealth v. Hooks**, No. 153 EDA 2009, unpublished memorandum at 6 (Pa.Super. filed April 1, 2010). For this reason, Appellant's additional single-paragraph argument in support of his claims that the PCRA court erred when it concluded he wasn't a "Three Strike" offender and that the result of the PCRA proceeding likely would have been different if he had been granted an evidentiary hearing on the matter lacks merit.[4]

_____

[4] To the extent Appellant sought to avail himself of the newly-recognized constitutional right exception to the PCRA time-bar in his PCRA petition pursuant to the United States Supreme Court's decision in **Alleyne v.**
*(Footnote Continued Next Page)*

As Appellant has failed to plead and prove one of the aforementioned exceptions to the PCRA time-bar, the courts of this Commonwealth are without jurisdiction to offer Appellant any form of relief. *Commonwealth v. Jackson*, 30 A.3d 516, 523 (Pa.Super. 2011). Accordingly, the PCRA court properly denied Appellant's patently untimely, serial PCRA petition without a hearing.

Order affirmed.

*(Footnote Continued)* ——————————

*United States*, 133 S.Ct. 2151 (2013) and this Court's decision in *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014) to support his claim he has been serving an illegal mandatory minimum sentence notwithstanding the fact Appellant received a negotiate sentence, we note he failed to file his PCRA petition within sixty days of the date upon which either case had been decided; *Alleyne* was decided on June 17, 2013, and *Newman* was decided on August 20, 2014. *See* 42 Pa.C.S.A. § 9545(b)(2); *Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000) (stating "when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the PCRA court has no power to address the substantive merits of a petitioner's PCRA claims"). Moreover, in *Commonwealth v. Miller,* 102 A.3d 988 (Pa.Super. 2014), this Court observed that *Alleyne* does not invalidate a mandatory minimum sentence when a challenge thereto is presented in an untimely PCRA petition.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/17/2017</u>